UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FISHMAN,<br><br>    Petitioner,<br><br>    v.<br><br>FELICIA PONCE, Warden,<br><br>    Respondent.<br>_____ | Case No. CV 17-201 MWF(JC)<br><br>ORDER (1) CONSTRUING PETITION AS 28 U.S.C. § 2255 MOTION AND DISMISSING IT FOR LACK OF JURISDICTION; (2) DENYING MOTION TO DISMISS AS MOOT; AND (3) DENYING PETITIONER'S DEMANDS FOR DECLARATORY JUDGMENT AND OTHER PENDING MOTIONS<br><br>[DOCKET NOS. 7, 16-21] |

## I. SUMMARY

On January 10, 2017, petitioner Steven Fishman, a federal inmate at the Federal Correctional Institution, Terminal Island, California, who is proceeding *pro se*, filed a "Petition of Steven Fishman for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241" ("Petition" or "Petition/Section 2255 Motion") with exhibits ("Petition Ex.") in the Central District of California ("CDCA"). Petitioner challenges a 2009 federal judgment entered in the United States District Court for the Northern District of Oklahoma ("NDOK"), arguing that he is actually innocent of one of the charges of which he was convicted because the government did not have Article III standing to proceed. He further

claims that he is entitled to proceed in the CDCA because he has not had an unobstructed procedural shot at presenting such claim.

On February 17, 2017, respondent filed a motion ("Respondent's Motion") which asserts that relief under 28 U.S.C. § 2241 ("Section 2241") is not available and that the Petition should be construed as arising under 28 U.S.C. § 2255 ("Section 2255") and either dismissed because it is second or successive or transferred to the NDOK. On March 30, 2017, petitioner filed an opposition to Respondent's Motion ("Opposition") which, among other things, explains why petitioner believes he has not had an unobstructed procedural shot at presenting his actual innocence claim and is entitled to do so in the CDCA.

On May 11, 2017, petitioner filed a "Demand for Declaratory Judgment with Regard to Questions of Law, Pursuant to 28 U.S.C. § 2201 [the Declaratory Judgment Act]," which he amended on August 2, 2017 (collectively "Demands for Declaratory Judgment"). Also pending before the Court are multiple motions filed by petitioner essentially seeking an expeditious hearing on petitioner's Demands for Declaratory Judgment ("Other Pending Motions").[1]

For the reasons explained below, the Court (1) construes the Petition to be a Section 2255 motion ("Petition/Section 2255 Motion"); (2) concludes that it lacks the requisite jurisdiction to entertain the Petition/Section 2255 Motion; (3) finds that a transfer to the NDOK would be futile; (4) dismisses the Petition/Section 2255 Motion without prejudice; (5) denies Respondent's Motion as moot; (6) denies the Demands for Declaratory Judgment without prejudice for lack of jurisdiction; and (7) denies petitioner's Other Pending Motions as moot.

---

[1] The Other Pending Motions consist of (1) a motion and amended motion for a speedy hearing (Docket Nos. 17, 20); (2) requests for "writ[s] of praceipe," seeking docketing and scheduling of the foregoing motion/amended motion (Docket Nos. 18, 21); and (3) a "notice" of petitioner's "claim of right" to a mandatory judicial determination of the Demands for Declaratory Judgment (Docket No. 22).

## II. PERTINENT BACKGROUND[2]

### A. Petitioner's NDOK Conviction/Sentence and Direct Appeal

In NDOK Case No. 07-CR-195-004-CVE ("NDOK Case"), a jury convicted petitioner of conspiracy to commit mail fraud and wire fraud (18 U.S.C. § 1349 ("Section 1349")) and conspiracy to commit money laundering (18 U.S.C. § 1956(h)). On September 23, 2009, petitioner was sentenced to 262 months in federal prison followed by three years of supervised release. On May 27, 2011, the Tenth Circuit Court of Appeals ("Tenth Circuit") affirmed petitioner's conviction and sentence on direct appeal. See United States v. Fishman, 645 F.3d 1175 (10th Cir. 2011), cert. denied, 565 U.S. 1115 (2012).

### B. Petitioner's First NDOK Section 2255 Motion

On October 29, 2012, petitioner filed an amended Section 2255 motion in the NDOK Case ("First NDOK Section 2255 Motion"). Petitioner alleged, among other things, that Section 1349 is not retroactive for conduct prior to its enactment on July 30, 2002, that the operative Second Superseding Indictment charged that the Section 1349 conspiracy began as early as 1998 and continued through August 2005, and that petitioner's conviction for conduct occurring prior to the Section 1349 enactment date is unconstitutional. See NDOK Case Docket No. 491 (First NDOK Section 2255 Motion, Ground Two). On February 25, 2015, the NDOK District Court denied the First NDOK Section 2255 Motion in a lengthy decision. See United States v. Fishman, 2015 WL 845586 (NDOK Feb. 25, 2015). It found that Ground Two was procedurally barred because it had been raised on direct appeal and the Tenth Circuit had determined that the government presented sufficient evidence of petitioner's involvement in the conspiracy after the

---

[2]The Court takes judicial notice of the court dockets and opinions in the below-described proceedings. See Fed. R. Evid. 201; Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

enactment of Section 1349 to sustain his conviction. See United States v. Fishman, 2015 WL 845586, at *14-15; see also United States v. Fishman, 645 F.3d at 1196.

On March 30, 2015, petitioner filed a motion in the NDOK Case seeking a certificate of appealability to appeal the District Court's rejection of the First NDOK Section 2255 Motion, arguing that the District Court had failed to consider his implied argument that the government lacked Article III standing to prosecute him under Section 1349 (the claim asserted in the instant CDCA Petition/Section 2255 Motion). See NDOK Case Docket No. 540. On April 1, 2015, the NDOK District Court rejected petitioner's foregoing contention on procedural grounds and on the merits, stating:

> To the extent that defendant now argues that the government lacked Article III standing, this argument was not clearly raised in his § 2255 motion. Even if the argument was implied, he has not cited a single case that the United States is required to establish Article III standing in the same manner as a civil litigant or that the United States lacks standing to prosecute alleged violations of federal criminal laws when part of the alleged conduct occurred before the statute was enacted.

See Petition Ex. A at 2; NDOK Case Docket No. 541.

On July 1, 2015, then Tenth Circuit Judge Neil M. Gorsuch, denied petitioner a certificate of appealability, finding that petitioner did not fairly present his claim that the government lacked Article III standing to the NDOK District Court and that the District Court could not be debatably wrong on an issue that was not fairly presented to it. See United States v. Fishman, 608 Fed. Appx. 711, 711 (2015), cert. denied, 136 S. Ct. 858 (2016), reh'g denied, 136 S. Ct. 1511 (2016).
///
///

**C.  Petitioner's Subsequent NDOK Section 2255 Motions and Tenth Circuit Motion for Authorization to File a Second or Successive**

4

**Section 2255 Motion**

On June 27, 2016, petitioner filed a motion to dismiss his money laundering conspiracy conviction in the NDOK Case based on Johnson v. United States, 135 S. Ct. 2551 (2015). See NDOK Case Docket No. 550. On July 7, 2017, the NDOK District Court construed such motion to be a second or successive Section 2255 motion as to which it lacked jurisdiction because petitioner had not received permission from the Tenth Circuit to file a second or successive motion. See United States v. Fishman, 2016 WL 3676584 (NDOK July 7, 2016), reconsideration dismissed, 2016 WL 4587224 (NDOK Sept. 2, 2016). The NDOK District Court declined to transfer the second or successive Section 2255 motion to the Tenth Circuit for authorization. See id., 2016 WL 3676584, at *3; 2016 WL 4587224, at *2. Petitioner did not independently apply to the Tenth Circuit for leave to file such a second or successive Section 2255 motion.

On January 24, 2017, petitioner filed a motion in the Tenth Circuit (Case No. 17-5009) seeking authorization to file a second or successive Section 2255 motion to assert a challenge to the 2009 judgment in the NDOK Case predicated on an alleged Fifth Amendment violation (self-incrimination) during pre-trial proceedings (testimony before the grand jury) pursuant to Vogt v. City of Hays, 844 F.3d 1235 (10th Cir. 2017), petition for cert. filed, (No. 16-1495) (June 13, 2017). On January 30, 2017, the Tenth Circuit denied such motion. See NDOK Case Docket No. 570.

On February 9, 2017, petitioner filed a motion for relief from the judgment in the NDOK Case due to the alleged disparity between the sentences petitioner and a co-defendant were serving. See NDCA Case Docket No 572. On March 28, 2017, the NDOK District Court construed such motion to be a second or successive Section 2255 motion and dismissed it for lack of jurisdiction. See United States v. Fishman, 2017 WL 1160578 (NDOK Mar. 28, 2017). Again, the District Court declined to transfer the second or successive Section 2255 motion to the Tenth

Circuit for authorization and petitioner did not himself apply to the Tenth Circuit for leave to file such a second or successive Section 2255 motion. Id. at *2.

### D. Current Petition/Section 2255 Motion

In the midst of petitioner's pursuit of the foregoing post-conviction relief in the NDOK and the Tenth Circuit, petitioner, as noted above, filed the instant Petition/Section 2255 Motion in the CDCA on January 10, 2017.

## III. DISCUSSION

A federal inmate's challenge to the legality of his conviction and sentence must generally be filed under Section 2255 in the district in which he was convicted and sentenced, whereas a challenge to the manner, location, or conditions of the execution of the sentence must be brought under Section 2241 in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention" – an exception which the Ninth Circuit has called the "escape hatch." Id; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007); see also Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (discussing same), cert. denied, 568 U.S. 1173 (2013). The exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003), cert. denied, 540 U.S. 1051 (2003). Section 2255's remedy is not "inadequate or ineffective" merely because Section 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. Id. (citation omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). A petitioner may proceed under Section 2241 pursuant to the escape hatch when a petitioner claims to be factually innocent of the crime for which he has been convicted and has never had an unobstructed procedural shot at presenting this claim. Ivy v. Pontesso, 328 F.3d at 1060

(citation omitted).

In this case, petitioner fails to meet his burden to demonstrate that his remedy under Section 2255 is inadequate or ineffective, fails to assert a true claim of factual innocence, and fails to demonstrate that he has never had an unobstructed procedural shot at presenting his claim. Petitioner argues that he is actually innocent of the charges against him because the government allegedly lacked Article III standing to prosecute petitioner for violating Section 1349. Petitioner reasons that there was no statutory authority for the government to prosecute petitioner for his alleged violations of Section 1349 before its enactment, and the government therefore suffered no injury in fact prior to such enactment. Petitioner's contentions are without merit.

First, for factual innocence, petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." See Stephens v. Herrera, 464 F.3d at 898 (citation omitted). Petitioner's claim that the government somehow lacked standing to prosecute petitioner for alleged acts committed prior to the enactment of Section 1349 does nothing to undercut, let alone negate the evidence of petitioner's post-Section 1349 enactment acts which the Tenth Circuit found sufficient to sustain petitioner's conviction. See United States v. Fishman, 645 F.3d at 1195.

Second, petitioner presented his Article III claim to the NDOK in at least his motion seeking a certificate for a appealability from the denial of the First NDOK Section 2255 Motion. The NDOK District Court expressly addressed and rejected this claim on the merits and on procedural grounds in its order denying a certificate of appealability. Notwithstanding petitioner's disagreement with the NDOK District Court's analysis, he has not shown why such presentation and consideration of the claim on the merits did not constitute an "unobstructed procedural shot" at raising his claim.

Third, in any event, the actual innocence escape hatch applies only to claims

asserting factual innocence predicated upon a legal change that occurs *after* a petitioner files his or her first Section 2255 motion, Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.) (citations omitted), cert. denied, 555 U.S. 911 (2008), and nothing in the instant Petition/Section 2255 Motion suggests any such change in law rendered noncriminal the conduct for which petitioner was convicted.

For these reasons, petitioner may not proceed under Section 2241 and the Court construes the Petition/Section 2255 Motion as arising under Section 2255. This Court does not have jurisdiction to consider petitioner's Petition/Section 2255 Motion because it must be brought in the district in which he was convicted or sentenced. Hernandez, 204 F.3d at 865.

Pursuant to 28 U.S.C. section 1631, a court lacking jurisdiction over a matter shall, if it is in the interest of justice, transfer such to a court with jurisdiction. In this case, the Court finds that transferring this action to the NDOK– the court with jurisdiction – would be futile because the Tenth Circuit has not granted petitioner leave to file a successive Section 2255 motion and indeed has already denied one such request, albeit one involving a different claim than that currently asserted by petitioner. A successive Section 2255 motion cannot be entertained by the NDOK unless and until authorized by the Tenth Circuit. See 28 U.S.C. §§ 2244(a), 2244(b)(3), 2255(h). Accordingly, it is appropriate to dismiss this matter without prejudice to any relief to which petitioner may be entitled in the NDOK or the Tenth Circuit should the Tenth Circuit grant him leave to file a successive Section 2255 motion.

As for petitioner's Demands for Declaratory Judgment, the Court may not grant such demands due to lack of jurisdiction. "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988) (citations omitted). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions." Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (quoting

Mills v. Green, 159 U.S. 651, 653 (1895)).  Petitioner's Demands for Declaratory Judgment do no more than request that the Court declare abstract legal propositions.  The Court may not do so.  Additionally, in light of the Court's ruling that it lacks jurisdiction to consider the Petition/Section 2255 Motion, there is no ongoing case or controversy before the Court that would permit the Court to grant petitioner's Demands for Declaratory Judgment even if they did not concern abstract legal propositions.

Finally, in light of the above, petitioner's Other Pending Motions are moot and are denied as such.

## IV. ORDERS

IT IS THEREFORE ORDERED:

1. The Petition/Section 2255 Motion is construed as a motion arising under Section 2255 and is dismissed without prejudice for lack of jurisdiction.
2. Petitioner's Demands for Declaratory Judgment are denied for lack of jurisdiction.
3. Petitioner's Other Pending Motions are denied as moot.

IT IS SO ORDERED.

DATED: September 15, 2017

_____
HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE